UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MAMADOU SOW,

Petitioner,

v.

WARDEN OF MONROE COUNTY JAIL et al.,

Respondents.

Case No. 26-11843
Honorable Laurie J. Michelson

**ORDER GRANTING IN PART AND DENYING IN PART PETITIONER'S EX PARTE MOTION FOR TEMPORARY RESTRAINING ORDER [2]**

Petitioner Mamadou Sow, an undocumented non-citizen, was taken into custody while voluntarily[1] attending a scheduled immigration appointment back on February 11, 2026. (ECF No. 2, PageID.2.) In the four months since, Sow has been detained at the Monroe County Jail without receiving a detention hearing. (*Id.*) Sow has therefore filed a petition for a writ of habeas corpus seeking either a detention hearing or release from custody. (ECF No. 1.) He has also filed an *ex parte* temporary restraining order asking that the Court prevent the government from "transferring him out of this district or removing him from the United States" while his petition is pending. (ECF No. 2, PageID.2.) Additionally, he asked that the Court rule

[1] Sow alleges that he voluntarily appeared at this appointment because "[o]fficers explicitly told him he would only be asked questions and would then be released." (ECF No. 2, PageID.2.) He was detained thereafter.

immediately to ensure he was not transferred or deported before his June 4, 2026, immigration court hearing. (*Id.*)

For the reasons that follow, the *ex parte* TRO is GRANTED IN PART and DENIED IN PART.

**I.**

**A.**

In his *ex parte* TRO motion, Sow argues that this relief is "urgently needed to preserve his right to appear at his June 4, 2026, hearing" before the Detroit Immigration Court. (ECF No. 2, PageID.2.) But the Court received his motion too late. It was not docketed until late in the day on June 4, after his hearing was set to take place. (*See* ECF No. 2.) So to the extent Sow seeks any relief related to the June 4 hearing, that issue is now moot. *See W6 Rest. Grp., Ltd v. Loeffler*, 140 F.4th 344, 349–50 (6th Cir. 2025) ("[W]hen a case at first presents a question concretely affecting the rights of the parties, but—as a result of events during the pendency of the litigation—the court's decision would lack any practical effect, the case is moot." (citing *Ohio v. U.S. Env't Prot. Agency*, 969 F.3d 306, 308 (6th Cir. 2020)).

**B.**

One request remains: for a TRO to prevent the government from transferring him to another jurisdiction before this Court can rule on his habeas petition seeking a detention hearing. (ECF No. 2, PageID.2.) Sow has made the requisite showing to merit a TRO on this point.

**1.**

A Court may issue an *ex parte* TRO upon a showing "that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). In considering such a request, the Court must consider and balance four factors: (1) Petitioner's likelihood of success on the merits, (2) whether Petitioner will suffer irreparable injury without an injunction, (3) whether granting the injunction will cause substantial harm to others, and (4) whether the public interest would be served by the injunction. *S. Glazer's Distributors of Ohio, LLC v. Great Lakes Brewing Co.*, 860 F.3d 844, 849 (6th Cir. 2017).

Sow has adequately alleged a likelihood of success on the merits. As the Sixth Circuit recently held, a noncitizen residing in the United States, like Sow, is entitled to a detention hearing under § 1225(b)(2)(A). *Campos v. Raycraft*, --- F.4th ---, No. 25-1965, 2026 WL 1283891 (6th Cir. May 11, 2026). The Court of Appeals explained:

> [O]ur understanding of § 1225(b)(2)(A)'s scope ensures that noncitizens like Petitioners should have a forum to explain that their backgrounds and connections to their communities justify release on bond while they undergo their removal proceedings. To hold otherwise would subject long-term law-abiding residents in the United States, such as Petitioners, to the hardship of mandatory detention without due process.

*Id.* at *13.

Any attempt to evade this rule through transfer would be improper on the government's part. *See Quintana v. Lynch*, No. 25-919, 2026 WL 746359, at *1 (S.D. Ohio Mar. 17, 2026) (citing *White v. Lamanna*, 42 F. App'x 670, 671 (6th Cir. 2002))

("A district court's jurisdiction generally is not defeated when a prisoner who has filed a § 2241 petition while present in the district is involuntarily removed from the district while the case is pending.")). Nevertheless, such an attempt at unlawful detention would cause irreparable harm. *See Just City, Inc. v. Bonner*, 758 F. Supp. 3d 785, 815 (W.D. Tenn. 2024) ("The right to be free from unconstitutional detention thus amounts to an irreparable injury."); *Scott v. Washington*, No. 23-13125, 2025 WL 573881, at *5 (E.D. Mich. Jan. 10, 2025) ("To be sure, continued imprisonment in violation of the United States Constitution is a severe and irreparable harm.").

The last two factors—whether the injunction would cause "substantial harm" to others or serve the public interest—also favor Sow. Sow simply requests that he not be transferred out of the district until his petition can be decided. Such requested relief poses no harm to others and only furthers the public interest.

**2.**

Sow's motion was made *ex parte*—without notice to Respondents. So there are additional factors to consider.

Federal Rule of Civil Procedure 65(b)(1) sets out that a Court may issue a temporary restraining order without notice to the adverse party only if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1)(A–B).

As discussed, Sow has adequately alleged immediate and irreparable injury. As for giving notice, Sow filed this motion on a tight timeline ahead of an impending immigration hearing date on June 4, 2026. On such short notice and without the benefit of counsel, the Court finds good cause to excuse Sow's failure to notify Respondents.

## II.

Therefore, Sow's *ex parte* TRO is GRANTED IN PART and DENIED IN PART (ECF No. 2). Respondents are ordered to not transfer Sow during the pendency of this proceeding.

SO ORDERED.

Dated: June 5, 2026

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE