UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MAMADOU SOW,

Petitioner,

v.

WARDEN OF MONROE COUNTY JAIL and DAVID VENTURELLA, *in his official capacity as ICE Field Office Director,* et al.,

Respondents.

Case No. 26-11843
Honorable Laurie J. Michelson

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS [1]**

On June 4, 2026, Mamadou Sow filed a petition for a writ of habeas corpus seeking a prompt individual bond hearing under 8 U.S.C. § 1226(a) or, alternatively, his release from custody. (ECF No. 1.) Sow, a noncitizen, was detained at a scheduled appointment with immigration officials on February 11, 2026. (*Id.* at PageID.15.)

First, the Court finds that the proper respondents here are the Warden of the Monroe County Jail and the ICE field office director. *See Robledo Gonzalez v. Raycraft*, 817 F. Supp. 3d 465, 468, (E.D. Mich. 2025) ("[T]he only proper respondent in this case is Petitioners' immediate custodian." (citing 28 U.S.C. § 2243); *Roman v. Ashcroft*, 340 F.3d 314 (6th Cir. 2003) (authorizing the ICE Field Office Director as a proper respondent for a habeas petitioner facing removal proceedings).

Second, especially given the delay and time Sow has been detained, the Court finds that "[a]ny shortcomings in [Sow's] efforts to exhaust his administrative remedies will not stand as an obstacle to the relief he seeks from this Court." *Palacios v. Raycraft*, No. 26-10470, 2026 U.S. Dist. LEXIS 41369, *5 (2026) (quoting *Brereton v. Rardin*, No. 25-12484, 2026 U.S. Dist. LEXIS 827, at *7 (E.D. Mich. Jan.5, 2026)).

Finally, in *Lopez-Campos v. Raycraft* 175 F.4th 713 (6th Cir. 2026), the Sixth Circuit held that, in these circumstances, noncitizens like Sow are entitled to a bond hearing under § 1226(a). *See id.* at 735 ("[N]oncitizens like Petitioners should have a forum to explain that their backgrounds and connections to their communities justify release on bond while they undergo their removal proceedings. To hold otherwise would subject long-term law-abiding residents in the United States, such as Petitioners, to the hardship of mandatory detention without due process.").

Under that binding precedent, Sow's habeas corpus Petition is GRANTED as follows: Respondents shall (1) provide Sow with a bond hearing under § 1226(a) on or before October 19, 2026, or otherwise release him; and (2) docket a status report to certify compliance with this order and that details the results of the bond hearings on or before October 23, 2026.

Accordingly, Petitioner's motion to expedite review (ECF No. 16) is DENIED as MOOT.

IT IS SO ORDERED.

Dated: October 9, 2026

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE